UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JEFFERY E. HALL, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Nos. 1:01-CR-24-CLC-CHS-1 |
| | ) 1:18-CV-130-CLC |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

# **M E M O R A N D U M**

Presently before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 61] filed by Jeffery E. Hall ("Petitioner") which challenges the Court's supervised release revocation judgment [Doc. 50] pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] Because Petitioner no longer qualifies as an armed career criminal under the ACCA in light of *Johnson*, the 51-month term of incarceration imposed upon revocation of his supervised release exceeds the 24-month maximum term of incarceration authorized under 18 U.S.C. § 3583(e)(3). Accordingly, Petitioner's § 2255 motion [Doc. 61] will be **GRANTED.**

## **I.    BACKGROUND**

In February of 2001, Petitioner was charged in a one-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) [Doc. 2]. He later entered a plea of guilty [Doc. 22].

---

[1] In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and concluded that "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*

A presentence investigation report ("PSIR") identified five previous Tennessee state court convictions for a violent felony, committed on occasions different from one another, that qualified Petitioner as an armed career criminal under the ACCA, including two convictions for aggravated burglary and one for third-degree burglary under the pre-1989 Tennessee statute [PSIR ¶¶ 26–27, 32, 36 and 38]. As an armed career criminal, Petitioner was subject to a statutory mandatory minimum incarceration sentence of fifteen years to a maximum of life. Because the maximum penalty for Petitioner's offense with the ACCA enhancement was life imprisonment, his offense was classified as a Class A felony under 18 U.S.C. § 3559(a)(1).

On January 14, 2002, Petitioner was sentenced to a term of imprisonment of 188 months to be followed by a term of supervised release of three years [Doc. 24]. He did not file a direct appeal. Petitioner subsequently filed a § 2255 motion [Doc. 29], which the Court denied as untimely on September 27, 2004 [Doc. 4 at 1:04-cv-70]. On March 7, 2006, Petitioner's application to file a second or successive § 2255 motion was denied by the Sixth Circuit Court of Appeals [Doc. 7 at 1:04-cv-70].

Petitioner completed service of his entire incarceration sentence and was released to supervision on February 4, 2015. On February 13, 2017, Petitioner's supervised release was revoked and a revocation judgment was entered sentencing him to a term of imprisonment of fifty-one months to be followed by a term of supervised release of nine months [Doc. 50]. Petitioner, through counsel, filed a notice of appeal from the revocation judgment [Doc. 53]. Petitioner then filed a pro se § 2255 motion [Doc. 56] seeking to challenge his revocation sentence under *Johnson* and *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017). This motion was denied without prejudice in light of Petitioner's pending direct appeal from the revocation judgment raising the same issues [Docs. 58–59].

The Sixth Circuit Court of Appeals subsequently affirmed Petitioner's revocation judgment and sentence. *United States v. Hall*, No. 17-5222, 2018 WL 2357765 (6th Cir. May 24, 2018). However, noting that Petitioner's "*Johnson* argument may have merit," the appellate court suggested that Petitioner file "a § 2255 motion to challenge his original conviction." *Id*. at *3. Petitioner, through counsel, then filed the pending § 2255 motion challenging his armed career criminal status based on *Johnson* [Doc. 61]. The government has filed a response agreeing that Petitioner no longer qualifies as an armed career criminal and recommending that Petitioner's revocation sentence be corrected by reducing it to a term of imprisonment of twenty-four months with no further supervision [Doc. 66].

## II. ANALYSIS

### 1. Second or Successive Motion

As the government notes, Petitioner previously filed a § 2255 motion challenging his original conviction, which the Court denied as untimely [Doc. 4 at 1:04-cv-70]. Generally, a second or successive § 2255 motion is permissible only if the court of appeals certifies that it rests on (1) newly discovered evidence or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017). The Supreme Court has determined that *Johnson*, which invalidated the residual clause of the ACCA as unconstitutionally vague, announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016); *see also In Re Watkins*, 810 F.3d 375, 381-85 (6th Cir. 2015).

Although the Sixth Circuit Court of Appeals has not formally certified that Petitioner may file a second § 2255 motion, that Court, in affirming Petitioner's revocation sentence, did note that

Petitioner's *Johnson* claim "may have merit" and invited him to challenge his original conviction via a § 2255 motion. *Hall*, No. 17-5222, 2018 WL 2357765 at *3. Accordingly, the Court will construe the Sixth Circuit's invitation as authorization to consider Petitioner's *Johnson* claim in a second § 2255 motion.

   **2. Standard of Review**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 558–59 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

   **3. Petitioner's *Johnson* Claim**

A felon who possesses a firearm normally faces a maximum penalty of ten years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). However, if that felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a fifteen year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to five years, 18 U.S.C. §§ 3559(a)(1) and 3583(b)(1).

The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary,

4

arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or, (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court determined that the residual clause of the ACCA is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 376 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCA's use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns, and thus is invalid, if it necessarily was based on predicate violent felonies that qualified as such only under the ACCA's residual clause.

In this case, Petitioner's five predicate offenses included two convictions for aggravated burglary and one for third-degree burglary under the pre-1989 Tennessee statute. However, in *Stitt*, the Sixth Circuit held that a conviction under Tennessee law for aggravated burglary is not a violent felony under the enumerated-offense clause of the ACCA. 860 F.3d at 860–61. A year later, in *Cradler v. United States*, 891 F.3d 659, 671 (6th Cir. 2018), the Sixth Circuit held that a conviction for third-degree burglary under the pre-1989 Tennessee statute likewise does not qualify as a violent felony under the enumerated-offense clause of the ACCA.

Because *Stitt* holds that a Tennessee aggravated burglary conviction does not qualify as a violent felony under the enumerated-offense clause of § 924(e)(2)(B), and *Johnson* invalidated the residual clause, Petitioner's aggravated burglary convictions no longer can be used as ACCA

5

predicate offenses. Likewise, Petitioner's pre-1989 conviction for third-degree burglary no longer can be used as an ACCA predicate in light of *Cradler* and *Johnson*. Absent those three convictions, Petitioner does not have the requisite three prior convictions of a violent felony or a serious drug offense necessary to subject him to the ACCA's enhanced penalties.[2]

Accordingly, the *Johnson*, *Stitt* and *Cradler* decisions dictate that Petitioner no longer can be designated an armed career criminal under § 924(e). Although Petitioner already has served the entirety of his original sentence, and the three-year term of supervised release imposed by the original judgment falls within the maximum term of supervised release authorized for a non-ACCA offender, the consequences of his improper classification as an armed career criminal further extend to the revocation of his supervision. Pursuant to 18 U.S.C. § 3559(a)(1), an offense that carries a maximum term of imprisonment of life is classified as a Class A felony. Conversely, a violation of § 922(g)(1) without an ACCA enhancement carries a maximum penalty of not more than ten years, which is classified as a Class C felony under § 3559(a)(3). Pursuant to 18 U.S.C. § 3583(e), a defendant whose term of supervised release is revoked may not be required to serve more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, but may not be required to serve more than two years in prison if the underlying offense is a Class C felony.

Here, Petitioner's status as an armed career criminal increased the classification of his offense from a Class C felony to a Class A felony. Without the ACCA enhancement, the maximum term of imprisonment authorized upon revocation of supervised release is not more than two years.

---

[2] Neither the Tennessee aggravated burglary statute nor the pre-1989 third-degree burglary statute have as an element the use, attempted use or threatened use of force and therefore cannot qualify as a violent felony under the "use-of-physical-force" clause of the ACCA.

Accordingly, the 51-month term of imprisonment imposed by the Court upon revocation of supervision exceeds the maximum of two years in prison authorized for a non-ACCA offender convicted of a Class C felony under 18 U.S.C. § 3583(e). Under these circumstances, the Court finds a clear entitlement to § 2255 relief, as petitioner has been subjected to "a sentence imposed outside the statutory limits." *McPhearson*, 675 F.3d at 559.

Where a § 2255 claim has merit, a district court "shall vacate and set the judgment aside" and, "as may appear appropriate," shall either "discharge the prisoner or resentence him or grant a new trial or correct the sentence." 28 U.S.C. § 2255(b); *see also Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013). In this case, the parties are in agreement that the appropriate relief would be to correct and reduce Petitioner's revocation sentence to a term of imprisonment of twenty-four months with no supervised release to follow. The Court agrees that a corrected sentence is the most appropriate form of relief in this case and finds the parties' proposal to be reasonable. An order to that effect will enter accordingly.

## III. **CONCLUSION**

For the above reasons, the Court finds that Petitioner is entitled to relief under § 2255 and will grant Petitioner's § 2255 motion [Doc. 61]. The parties agree that a reduction in Petitioner's custodial revocation sentence to a term of imprisonment of twenty-four months with no supervised release to follow would be the appropriate form of relief in this case. Upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court is satisfied that such a term is sufficient but not greater than necessary to achieve the statutory purposes of sentencing set forth in § 3553(a)(2), and, therefore, will vacate its prior revocation judgment [Doc. 50] and will correct and reduce Petitioner's revocation sentence to a term of imprisonment of twenty-four months with no supervised release to follow.

**An order shall enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**